IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CAREY D. WATTS, #133726                                                                    PETITIONER

VS.                                                           CIVIL ACTION NO. 5:18-cv-100-DCB-FKB

SHONDRA MATTHEWS                                                                          RESPONDENT

## REPORT AND RECOMMENDATION

This matter is before the Court on Respondent Shonda Matthews's Motion to Dismiss [10], to which Petitioner Carey D. Watts has not responded. Respondent argues that the petition, filed pursuant to 28 U.S.C. § 2254, should be dismissed because Watts has failed to exhaust state court remedies. For the reasons explained below, the undersigned recommends that the Motion to Dismiss be granted, and this action be dismissed without prejudice.

## FACTS AND PROCEDURAL HISTORY

Watts is in custody pursuant to the Pike County Circuit Court's May 8, 2018, order that revoked his Post-Release Supervision and imposed a portion of his suspended sentence. [10-4] at 3. When Watts filed this matter, he was detained at the Hinds County Restitution Center, Jackson, Mississippi. [1] at 1. Since that time, he has been transferred to the Pike County Jail, Magnolia, Mississippi. [9].

Watts originally pleaded guilty to three counts of drug possession in the Circuit Court of Pike County on October 8, 2007.[1] [10-2]. At that time, the trial court sentenced him to a term of eight years on each count to run concurrently, with eight years suspended on Counts Two and Three, followed by a term of five years of post-release supervision. *Id.* at 2. As to Count One, the trial court ordered Watts to complete one year in the Intensive Supervision Program. *Id.* Upon successful completion of the program, the remaining seven years on Count One would be

---

[1] Count One was Unlawful Possession of at Least One Tenth (0.1) but Less Than Two (2) Grams of Cocaine. Count Two was Unlawful Possession of at Least Two (2) but Less Than Ten (10) Dosage Units of Diazepam. Count Three was Unlawful Possession of at Least Two (2) but Less Than Ten (10) Dosage Units of Morphine. [10-2] at 1-2.

suspended, and his five-year period of post-release supervision would follow. *Id.* In addition, the trial court ordered Watts to pay fines and restitution in the amount of $4,450.00. *Id.* at 3.

On May 8, 2018, Watts's supervising officer filed a petition with the trial court alleging that Watts had absconded supervision and had failed to report since March 14, 2014. [10-4] at 2. The supervising officer also reported that Watts had failed to pay any fines or fees since he had been sentenced in 2007, and his remaining balance was $4,945.50. *Id.* The trial court revoked Watts's probation/post-release in an order specifying that forty-one (41) days of the suspended portion of his sentence should be revoked, affording him credit for time served, and instituting a term in a restitution center, to be followed by post-release supervision. *Id.* at 3.

Watts argues that he is being held in a "debtors prison" in violation of his Constitutional rights and that he is being forced to work to pay off a debt owed to the Circuit Court of Pike County. [1] at 5, 7. He claims that his attempts at administrative remedies have been ignored by the Supreme Court of Mississippi and that his grievances have been "ignored, in bad faith." *Id.* at 7. He seeks injunctive relief of ending his detention and closing the Hinds County Restitution Center, as well as other Mississippi restitution centers. *Id.* at 15.[2]

The State argues that Watts's petition should be dismissed because he has failed to exhaust available state court remedies.

---

[2] To the extent that Watts challenges his conditions of confinement, those claims are not properly brought pursuant to 28 U.S.C. § 2254. Generally, § 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures. *See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir. 1994). A habeas petition, on the other hand, is the proper vehicle to seek release from custody. *See Pugh v. Parish of St. Tammany,* 875 F.2d 436, 439 (5th Cir. 1989). Broadly construing his petition as a challenge to his underlying conviction and sentence, the petition would be time-barred pursuant to the one-year statute of limitation of the AEDPA. *See* 28 U.S.C. § 2244(d).

DISCUSSION

Applicants seeking federal habeas relief under section 2254[3] are required to exhaust all claims in state court prior to requesting federal collateral relief. *See Edwards v. Carpenter*, 120 S.Ct. 1587 (2000); *Coleman v. Thompson*, 501 U.S. 722, 729-55 (1991); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); 28 U.S.C. § 2254(b)(1). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court. *Edwards*, 120 S.Ct. at 1587; *see also Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Whitehead*, 157 F.3d at 387. A habeas petitioner has failed to meet the exhaustion requirement "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

In this case, as of the filing of the State's Motion to Dismiss, Watts had not filed a motion for post-conviction relief related to the revocation of his post-release supervision or his resulting sentence in the Circuit Court of Pike County. It appears, furthermore, that he has not presented these claims to the highest state court. Accordingly, he has failed to exhaust his state court

---

[3] The relevant portions of § 2254 provide as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that --
>     (A) the applicant has exhausted the remedies available in the courts of the State; or
>     (B)(i) there is an absence of available State corrective process; or
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
>                             \*   \*   \*
>
> (3) A state shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254 (1996).

remedies.

The Court acknowledges that it has the authority to hold a habeas petition in abeyance while a petitioner exhausts his state court remedies. *See Rhines v. Weber*, 544 U.S. 269 (2005). However, the Supreme Court has cautioned that "stay and abeyance should be available only in limited circumstances." *Id.* at 277. The Court finds that such "limited circumstances" do not exist in the instant case because Watts has failed to show "good cause" for his failure to exhaust his claims in state court. *See Reyer v. King*, Civil Action No. 1:07-cv-657-LG-JMR, 2008 WL 625096 (S. D. Miss. Mar. 5, 2008) (considering *Rhines* and dismissing claims for petitioner's failure to show "good cause"). Accordingly, this matter should not be stayed and held in abeyance while Watts accomplishes exhaustion.

## CONCLUSION

Therefore, the undersigned recommends that Respondent's Motion to Dismiss [10] be granted, and this matter be dismissed without prejudice based on Petitioner's failure to exhaust state court remedies.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.   28 U.S.C. §636, *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 30th day of July, 2019.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE