IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**CAREY D. WATTS, #133726**                                    **PETITIONER**

**VS.**                            **CIVIL ACTION NO. 5:18-cv-100(DCB)(FKB)**

**SHONDRA MATTHEWS**                                    **RESPONDENT**

### ORDER

This cause is before the Court on Respondent Shondra Matthews' Motion to Dismiss (docket entry 10) the Petitioner Carey D. Watts' Petition for Writ of Habeas Corpus; and on Magistrate Judge F. Keith Ball's Report and Recommendation (docket entry 11).

Petitioner Watts is in custody pursuant to a Pike County Circuit Court Order of May 8, 2018, that revoked his Post-Release Supervision and imposed a portion of his suspended sentence. When Watts filed this matter, he was detained at the Hinds County Restitution Center. Since that time, he has been transferred to the Pike County Jail.

Watts originally pleaded guilty to three counts of drug possession in the Circuit Court of Pike County on October 8, 2007. At that time, the trial court sentenced Watts to a term of eight years on each count, to run concurrently, with eight years suspended on Counts Two and Three, followed by a term of five years of post-release supervision.

As to Count One, the trial court ordered Watts to complete one year in the Intensive Supervision Program. Upon successful completion of the program, the remaining seven years on Count One would be suspended, and his five-year period of post-release supervision would follow. In addition, the trial court ordered Watts to pay fines and restitution in the amount of $4,450.00.

On May 8, 2018, Watts' supervising officer filed a petition with the trial court alleging that Watts had absconded supervision and had failed to report since March 14, 2014. The supervising officer also reported that Watts had failed to pay any fines or fees since he had been sentenced in 2007, and his remaining balance was $4,945.50. The trial court revoked Watts' probation/post-release in an order specifying that 41 days of the suspended portion of his sentence should be revoked, affording him credit for time served, and instituting a term in a restitution center, to be followed by post-release supervision.

Watts argues that he is being held in a "debtor['s] prison" in violation of his Constitutional rights, and that he is being forced to work to pay off a debt owed to the Circuit Court of Pike County. He claims that his attempts at administrative remedies have been ignored by the Supreme Court of Mississippi, and that his grievances have been ignored in bad faith. He seeks injunctive relief of ending his detention and closing the Hinds County

Restitution Center, as well as other Mississippi restitution centers.

The State argues that Watts' petition should be dismissed because he has failed to exhaust available state court remedies. Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief. The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court. A habeas petitioner has failed to meet the exhaustion requirement if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254-c.

In this case, as of the filing of the State's Motion to Dismiss, Watts had not filed a motion for post-conviction relief related to the revocation of his post-release supervision or his resulting sentence in the Circuit Court of Pike County. It appears, furthermore, that he has not presented these claims to the highest state court. Accordingly, Watts has failed to exhaust his state court remedies.

The Court acknowledges that it has the authority to hold a habeas petition in abeyance while a petitioner exhausts his state court remedies. However, the Supreme Court has cautioned that "stay and abeyance should be available only in limited circumstances." See Rhines v. Weber, 544 U.S. 269, 277 (2005).

The Court finds that such "limited circumstances" do not exist in the instant case because Watts has failed to show "good cause" for his failure to exhaust his claims in state court. Accordingly, this matter should not be stayed and held in abeyance while Watts accomplishes exhaustion.

Therefore, the Court ADOPTS THE REPORT AND RECOMMENDATION of Magistrate Judge F. Keith Ball (docket entry 11). The Court also GRANTS Respondent Shondra Matthews' Motion to Dismiss (docket entry 10), and this action is DISMISSED WITHOUT PREJUDICE based on the Petitioner's failure to exhaust state court remedies.

SO ORDERED, this the 9th day of September, 2019.

/s/ David_Bramlette\_\_\_\_\_
UNITED STATES DISTRICT JUDGE